**In re Maurice Michael TYLER, II, Debtor.**

**Maurice Michael Tyler, II, Plaintiff,**

**v.**

**Bruce Banks d/b/a Excelsior Property Holdings, LLC, Casa de Belli Enterprises, L.L.C., and BSD Resources, LLC, Defendants.**

Bankruptcy No. 12–79100–JRS.

Adversary No. 12–05632–JRS.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 10, 2013.

---

E.L. Clark, Clark & Washington, PC, Atlanta, GA, for Plaintiff.

Michael D. Robl, The Spears & Robl Law Firm, LLC, Decatur, GA, for Defendants.

## ORDER AND NOTICE OF ASSIGNMENT OF CONTINUED TRIAL

JAMES R. SACCA, Bankruptcy Judge.

The Court commenced a bench trial in this adversary proceeding on August 27, 2013, and Ian Smith—the principal of two of the Defendants—testified that day regarding the circumstances surrounding his alleged purchase of the Debtor's home from Defendant Bruce Banks d/b/a/ Excelsior Property Holdings, LLC at a foreclosure sale.[1] On direct examination, Smith testified that he met Banks "on the courthouse steps that day" and that he had "never met the man personally before." Smith further testified that he was unsure whether he had purchased any properties from any of Banks' entities previously but that he "never bought anything from him personally" and that "this was the first time [he] ever dealt with the man."

Smith's testimony seemed to conflict with testimony Bruce Banks gave in *In re Hinson Management Group, Inc.*, Case No. 12–58962–CRM. The Court became

---

1. One disputed fact in this adversary proceeding is what entity purportedly purchased the Debtor's home at the foreclosure sale, but it is undisputed that Ian Smith acted on behalf of whatever entity purchased it or attempted to do so.

aware of Banks' testimony in *Hinson* during the course of its research on a motion pending before this Court in *In re Discover Commons, LLC,* Case No. 13–62414–JRS.[2] Specifically, in *Hinson,* Banks had testified that on April 3, 2012 he sold the property owned by Hinson Management Group Inc. at a foreclosure sale to Ian Smith—who his counsel indicated was in the courtroom that day—and that he had seen Smith at numerous other foreclosures and automobile auctions.[3] After Smith concluded his testimony in the trial here, the Court informed counsel for the parties that the Court is aware of the testimony of Defendant Bruce Banks in *Hinson* and continued this trial.

 The Court considered whether it should recuse itself from this adversary proceeding on account of its knowledge of Banks' testimony in *Hinson,* which it discovered while performing research for another case before the Court. Congress has provided that a judge shall disqualify himself in any proceeding where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). But any bias, prejudice, or personal knowledge ordinarily must stem from "extrajudicial sources."[4] *United States v. Bailey,* 175 F.3d 966, 968 (11th Cir.1999) (citation omitted). Information "acquired in the course of a judicial proceeding" does not come from an extrajudicial source. *Id.* at 969 (concluding that trial judge's knowledge of disputed facts that was acquired during in-chambers meeting with parties did not require recusal). And facts that a judge discovers "in his judicial capacity" are of a "judicial, rather than a personal, nature" and therefore do not stem from an extrajudicial source. *United States v. Sims,* 845 F.2d 1564, 1570 (11th Cir.1988) (concluding that judge did not need to recuse himself after acquiring relevant information at an *in camera* hearing). In addition, "some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice" to require recusal. *Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (emphasis omitted).[5]

 Here, the Court has determined that recusal is unnecessary because the relevant information—namely, Banks' testimony about having previously sold property to Smith, which seemingly conflicts with Smith's testimony—did not stem from an extrajudicial source. The Court discovered this information while performing research for another case, so this information was acquired in the Court's judicial capacity. Thus it is judicial—rather than

2. *Hinson* involved the issue of a foreclosure sale that was allegedly concluded minutes before the debtor filed its bankruptcy petition, which was virtually identical to the issue presented by the motion in *Discover Commons.*

3. Banks further testified that he had not sold property to Smith before but that he knew who Smith was because he was a "staple" at the auctions.

4. One exception to this rule is that a judge should recuse when "the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."

*United States v. Bailey,* 175 F.3d 966, 968 (11th Cir.1999) (quotations and citation omitted).

5. *See also Bradley v. Milliken,* 620 F.2d 1143 (6th Cir.1980) (holding that judge's ex parte discussions with court-appointed experts, community groups, and other stakeholders did not require recusal because these contacts were "judicial activities" and did not constitute "extra-judicial conduct rather than matters arising in a judicial context") (citation omitted).

personal—in nature, and it is not a sufficient basis for recusal.

Because the credibility of witnesses is always at issue during a trial, and because the Court will be considering the seeming conflict between Banks' testimony in *Hinson* and Smith's testimony before this Court in determining Smith's credibility in this matter, the Court will reopen the evidence to allow either Smith or Banks, or both, to testify for the limited purpose of addressing the issues raised by Banks' testimony in *Hinson.* The scope of this testimony may encompass the following: (a) explaining Smith's testimony before this Court, (b) explaining Banks' testimony in *Hinson,* and (c) explaining the relationship between Smith and Banks and any of their entities and any transactions in which they have participated together, either as partners, buyer-seller, lender-borrower, or otherwise. Once the trial recommences, the Court will consider any objections to this testimony and will also consider whether to allow any rebuttal testimony (as well as any objections to that rebuttal testimony). The Court will not consider any evidence outside of the scope outlined above. The evidence is not being reopened for the purpose of allowing either party to correct any deficiencies in their case now that the evidence is otherwise closed. If Defendants choose to not put on any further evidence on the limited issue set forth herein, the parties will proceed to closing arguments. Accordingly,

IT IS HEREBY ORDERED and NOTICE is hereby given that the continued trial in this adversary proceeding will recommence on **September 18, 2013 at 1:30 p.m.** in Courtroom 1404, 75 Spring Street, Atlanta, Georgia 30303. If this trial needs to be continued to accommodate the schedule of witnesses who may testify for the reasons set forth above, counsel shall con-

tact the Court no later than September 12, 2013 for a new hearing date.

**IT IS ORDERED.**